```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION


THE STELLAR GROUP                                    PLAINTIFF

VS.                            CIVIL ACTION NO. 3:06-CV-186BS

PILGRIM'S PRIDE CORPORATION;
ANIKA AND ASSOCIATES, INC.                          DEFENDANTS
```

<u>OPINION AND ORDER</u>

This cause is before the Court on the Motion to Dismiss of Defendant Anika and Associates, Inc. (docket entry no. 2) and the Motion to Amend Complaint of Plaintiff The Stellar Group (docket entry no. 10). Having considered the Motions, Response, Rebuttal and all attachments to each, as well as supporting and opposing authority, the Court finds that the Motion to Dismiss is well taken in part and not well taken in part and should be granted in part and denied in part, while the Motion to Amend Complaint is well taken and should be granted.

## I.  Factual Background and Procedural History

In December 2004, Plaintiff The Stellar Group ("Stellar") entered into an agreement with Defendant Pilgrim's Pride Corporation ("Pilgrim's") to make renovations and repairs on a former Jitney Jungle facility in Jackson, MS ("the property"). Prior to enlisting Stellar to make the improvements, Pilgrim's had entered into a lease agreement with the owner of the property,

Defendant Anika and Associates, Inc. ("Anika"). Pursuant to the lease agreement, Anika was obligated to make certain monetary contributions toward improvements to the property. Anika, however, was not a party to the contract between Stellar and Pilgrim's. On January 5, 2005, Anika entered into a Purchase and Sale Agreement ("Purchase Agreement") with Spirit Finance Acquisitions, LLC., ("Spirit") to sell the property to Spirit, and on March 3, 2005, a General Warranty Deed ("Deed") was executed.

Stellar performed the contemplated renovation and repairs on the facility from December 2004 until mid-2005. Payment of total cost of the improvements – $565,508.00 – was due on August 11, 2005. Anika made two payments to Stellar, the first on June 8, 2005, and the second on July 1, 2005, in the total amount of $341,133.29. The remaining balance of 224,374.71 has not been paid to date.

After filing a construction lien against the property on December 6, 2005, Stellar filed this action against Pilgrim's and Anika in the First Judicial District of the Circuit Court of Hinds County on February 28, 2006, to enforce the lien through foreclosure and to collect any deficiency through a monetary judgment. Stellar also asserted a claim of *quantum meruit* in its

2

Complaint. Defendants removed the action to this Court on March 30, 2006, on the basis of diversity of citizenship jurisdiction.[1]

Anika filed a Motion to Dismiss on April 6, 2006. Anika contends that dismissal is appropriate because it never entered into a contract with Stellar and further because it sold the property to Spirit before Stellar filed the lien against the property. As proof of the sale of the property, Anika produces the Purchase Agreement and a certified copy of the Deed conveying the property. See Exhibit "A" to Motion to Dismiss (Purchase Agreement) and Exhibit "A" to Rebuttal in Support of Motion to Dismiss (Deed).

Subsequently, on April 28, 2006, Stellar filed a Motion to Amend Complaint, wherein it requests leave to add Spirit as a defendant and also to add new factual allegations and claims, including claims of unjust enrichment, open account, and breach of contract.[2] The Court will now consider the two Motions.

---

[1] Stellar is Florida corporation, while Pilgrim's is a Delaware corporation with its principal place of business in Texas, and Anika is a Michigan corporation, with its principal place of business in Michigan. The pleadings do not disclose the principal place of business of Stellar.

[2] Although Stellar does not set forth individual counts in its proposed Amended Complaint, the breach of contract claim in the proposed Amended Complaint appears to be twofold. Stellar first contends that a settlement agreement was reached among Stellar, Pilgrim and Anika before this action was filed, and Pilgrims and Anika have not complied with that agreement. Thus, Stellar now seeks enforcement of that agreement, which is tantamount to a breach of contract claim. Second, Stellar asserts that it is a third-party beneficiary to the lease agreement between Anika and Pilgrim's, which has now been assigned to Spirit. Because the landlord under the lease agreement has an obligation to pay for

### II. Motion to Dismiss

**A. Legal Standard**

Anika attached evidence outside of the pleadings to its Motion to Dismiss; therefore, the Motion must be considered under the standards of Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(c) (stating that "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...."); Gutierrez v. City of San Antonio, 139 F.3d 441, 444 n.1 (5th Cir. 1998) (citing Fed. R. Civ. P. 12(c)).

Rule 56 provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at

---

improvements to the property, Stellar urges that as a third-party beneficiary to the lease agreement it is entitled to recover from Anika and/or Spirit for the work it performed.

trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); <u>see also</u>, <u>Moore v. Mississippi Valley State Univ.</u>, 871 F.2d 545, 549 (5th Cir. 1989); <u>Washington v. Armstrong World Indus.</u>, 839 F.2d 1121, 1122 (5th Cir. 1988).

**B. Analysis**

Anika moves for dismissal on two grounds. First, Anika contends that it never contracted with Stellar for the improvements Stellar performed. Second, Anika argues that it sold the property to Spirit before the construction lien was filed; therefore, because Anika was not the owner of the property when the lien was filed, the lien cannot be enforced against it.

It is elementary that to enforce a statutory lien, the party seeking to enforce the lien must first prove that the party against whom enforcement is sought is the owner of the property. <u>Evans v. Cent. Serv. & Supply Co., Inc.</u>, 226 So.2d 616, 618 (Miss. 1969) ("The obvious reason for the failure of the lien is that the appellant did not establish ownership of the property in appellees against whom the lien was to be effected."). The Deed produced by Anika clearly evidences that the property at issue in this action was conveyed to Spirit on March 3, 2005. The lien against the property, however, was not filed until December 6, 2005, well after the property was conveyed. Thus, Anika had no ownership rights in the property when the lien was filed.

Stellar produces no evidence to rebut the evidence produced by Anika, but argues that "it is entitled to discover evidence to confirm whether or not the sale was an arm's length transaction, as well as the identity of the principles of the two entities involved in the transaction." Plaintiff's Memorandum in Opposition to Motion to Dismiss, p.4. Stellar is essentially asking for relief under Rule 56(f). A party seeking relief under Rule 56(f) must demonstrate by affidavit that (1) additional discovery is needed and (2) how additional discovery is likely to lead to a genuine issue of fact. Stearns v. Airport Equip. Co., Inc. v. FMC Corp., 170 F.3d 518, 534-35 (5th Cir. 1999). Rule 56(f) "may not be invoked by the mere assertion that discovery is incomplete." Washington v. Allstate Ins. Co., 901 F.2d 1281, 1286 (5th Cir. 1990). Stellar has not produced an affidavit explaining why discovery related to the sale of the property is necessary or how discovery might lead to a genuine issue of fact regarding the propriety of the sale. Thus, Stellar is not entitled to further discovery on this issue.

Alternatively, Stellar urges that the Purchase Agreement should not be considered as evidence because the document was not sworn, certified, or authenticated. However, the authenticity of the Purchase Agreement is of little significance in proving that the transaction occurred prior to Stellar's filing the lien. The certified copy of the Deed, which is self-authenticating under Rule

6

902 of the Federal Rules of Evidence, is sufficient in and of itself to prove that Anika did not own the subject property when the lien was filed.

Accordingly, because there are no genuine issues of fact regarding ownership of the subject property when the lien was filed, the Court finds that the cause of action to enforce a construction lien, pursuant to Miss. Code Ann. § 85-7-141, against Anika should be dismissed.

Anika, however, is not entitled to dismissal on all claims. Although it addresses the *quantum meruit* claim in its Rebuttal, Anika failed to even mention the claim in its Motion to Dismiss or its Memorandum in Support. Anika therefore has not properly moved the Court for dismissal of the *quantum meruit* claim. Thus, to the extent Anika moves for dismissal in *toto*, the Motion will be denied.[3]

### III. Motion to Amend Complaint

The Court must next consider Stellar's request for leave to file an amended complaint. Stellar seeks to join Spirit as a defendant and also to add new facts and legal theories to its Complaint. Defendants have filed no opposition to the Motion.

Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure.  In relevant part, Rule 15(a) states that

---

[3] This ruling, however, does not prevent Anika from moving to dismiss the *quantum meruit* claim in the future if it so chooses.

"a party may amend the party's pleadings...by leave of the court...and leave shall be freely given when justice so requires." The Court finds that the Motion of Stellar to Amended Complaint is well taken and should be granted.

### III.  Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion of Defendant Anika and Associates, Inc., to Dismiss [docket entry no. 2] is hereby granted in part and denied in part. The Motion is granted in that the cause of action to enforce construction lien, pursuant to Miss. Code Ann. § 85-7-141, against Defendant Anika and Associates, Inc., is hereby dismissed. The Motion is denied in all other respects.

IT IS FURTHER ORDERED that the Motion to Amend Complaint of Plaintiff The Stellar Group [docket entry no. 10] is hereby granted.

SO ORDERED this the 10th day of July, 2006.


                              s/ William H. Barbour, Jr.
                              UNITED STATES DISTRICT JUDGE


blj

8