IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


THE STELLAR GROUP                                              PLAINTIFF


VS.                              CIVIL ACTION NO. 3:06-cv-186-WHB-LRA


PILGRIM'S PRIDE CORPORATION and
ANIKA AND ASSOCIATES, INC.                                    DEFENDANTS


## OPINION AND ORDER

This cause is before the Court on the Motion and Supplemental Motion of Plaintiff, The Stellar Group, for Attorneys' Fees and Pre-judgment Interest (collectively, "Motion for Attorneys' Fees"). The Court has considered the Motion, Response, Rebuttal, Surrebuttal, attachments to the pleadings, as well as supporting and opposing authorities and finds that the Motion for Attorneys' Fees should be granted in part and denied in part.


## I.  Background Facts and Procedural History

In December of 2004, Plaintiff, The Stellar Group ("Stellar") entered a contract with Defendant, Pilgrim's Pride Corporation ("Pilgrim's") whereby Stellar was hired to make renovations and repairs to real property located in Jackson, Mississippi.  The property, which was then owned by Defendant Anika and Associates, Inc. ("Anika"), had been leased to Pilgrim's.  Under the terms of

the lease between Pilgrim's and Anika, the latter was obligated to pay for, or contribute toward the payment of, certain renovations and repairs to the property.  Stellar began work in December of 2004, and Anika sent a Substantial Completion Notice to Pilgrim's on or about February 16, 2005.  In the Spring of 2005, Stellar sought payment in the amount of $565,508.00 for the work it had performed.  Anika, however, only remitted payment in the amount of $341,133.33.

On February 28, 2006, after filing a construction lien against the subject property, Stellar filed a Complaint against Pilgrim's and Anika seeking to enforce the lien through foreclosure and to collect any deficiency under the doctrine of *quantum merit*.[1]  On July 13, 2006, Stellar filed a First Amended Complaint re-alleging its prior claims and, for the first time, seeking to enforce the pre-litigation Settlement Agreement reached by the parties.

On March 28, 2007, this Court entered an Opinion and Order by which the pre-litigation settlement entered by the parties, as memorialized by the Settlement Agreement dated August 5, 2005, was

---

[1]  The lawsuit was filed in the Circuit Court for the First Judicial District of Hinds County, Mississippi, and was removed to this Court on March 30, 2006, on the basis of diversity of citizenship jurisdiction.  As Plaintiff Stellar is a citizen of the State of Florida; Defendants Pilgrim's and Anika are citizens of the States of Michigan and Delaware, respectively; and as Stellar seeks greater than $75,000 through its Complaint, federal subject matter jurisdiction is proper under 28 U.S.C. § 1332. The law of Mississippi is the proper law to be applied in this case.

enforced in its entirety.  Thereafter, Stellar filed the subject Motion seeking attorneys' fees and costs as provided in the Settlement Agreement, pre-judgment interest, and statutory penalties from Anika.[2]

## II.  Discussion

### A.  Attorneys' Fees and Costs

Under Mississippi law, "attorney's fees may be awarded in two circumstances: (1) where the contract or a statute provides for attorney's fees or (2) where the losing party's conduct was outrageous enough to warrant punitive damages." Sport Page Inc. v. Punzo, 900 So. 2d 1193, 1203 (Miss. Ct. App. 2004) (citations omitted).  In the case *sub judice*, Stellar has moved to recover its attorneys' fees and costs under the Settlement Agreement that was reached by the parties and enforced by the Court.  This agreement provides, in relevant part:

> [T]o protect each party from the expense associated with defending against frivolous, unmeritorious claims or defenses, and to otherwise induce the parties thereto to abide by the terms of this Release, the parties hereto agree that, in the event of any dispute arising out of this Release, the prevailing party shall be entitled to recover from the other party all of its costs and expenses, including reasonable attorneys' fees, incurred in connection with the enforcement of the terms of this [Settlement Agreement].

---

[2]  On May 16, 2007, an Order was entered that, *inter alia*, stayed entry of Final Judgment pending a decision on the Motion for Attorneys' Fees.

See Mot. for Attorneys' Fees and Pre-judgment Interest [Docket No. 57], at Ex. A (Settlement Agreement, ¶ 4.2). As the express terms of the Settlement Agreement provide for the recovery of attorneys' fees and costs, and as Anika does not dispute that Stellar would be entitled to recover fees and costs under this provision, the Court finds that Stellar is entitled to the attorneys' fees and costs it incurred while seeking to enforce the Settlement Agreement.

The United States Supreme Court has found:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

Hensley v. Eckerhart, 461 U.S. 424, 432 (1983). See also Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993) ("To determine the [attorneys' fees] award amount, the court must first calculate the "lodestar" by multiplying the number of hours reasonably spent on the litigation times a reasonable hourly billing rate.").[3]

------

[3]   In Blanchard v. Bergeron, 489 U.S. 87 (1989) the United States Supreme Court also found that while "[t]he [Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)] factors may be relevant on adjusting the lodestar amount, ... no one factor is a substitute for multiplying reasonable billing rates by a reasonable estimation of the number of hours expended on the litigation." Id., 489 U.S. at 94. Accordingly, this Court finds that Stellar was not required to submit proof on each Johnson factor in support of its Motion for Attorneys' Fees and, therefore, that the objection by Anika regarding whether the fees claimed by Stellar are properly supported, is without merit.

In support of its Motion for Attorneys' Fees, Stellar filed a Declaration of Thomas C. Anderson ("Anderson"), who served as counsel of record for Stellar in this civil action.  See Supplemental Mot. for Attorneys' Fees [Docket No. 59], Ex. A. Attached to Anderson's Declaration is a billing summary which contains a description of the legal work performed by Anderson, the dates on which the work was performed, the number of hours spent performing the work, and his hourly rates for 2006 and 2007.  The billing summary shows that the following attorneys' fees were incurred by Stellar:

| Year | Attorney Hours | Hourly Rate[4] | Attorney Fees |
|------|----------------|----------------|----------------|
| 2006 | 72.60 | $250.00 | $18,150.00 |
| 2007 | 15.10 | $260.00 | $ 3,926.00 |
| | | | $22,076.00 |

Anika objects to the attorneys' fees sought by Stellar on the basis that some of these fees were incurred before Stellar filed its First Amended Complaint, through which it first sought to enforce the Settlement Agreement.  The Court finds this objection has merit.  Under the express language of the Settlement Agreement,

---

[4]  As Anika has not objected to the hourly rate claimed by counsel for Stellar, the Court finds that it is reasonable.  See e.g. Tollett v. City of Kemah, 285 F.3d 357, 368 (5th Cir. 2002) (accepting hourly rate claimed by attorney as reasonable because the opposing party did not contest the rate charged).

Stellar, as the prevailing party, may only "recover ... its costs and expenses, including reasonable attorneys' fees, <u>incurred in connection with the enforcement of the terms of this [Settlement Agreement]</u>."   <u>See</u> Mot. for Attorneys' Fees and Pre-judgment Interest [Docket No. 57], at Ex. A (Settlement Agreement, ¶ 4.2) (emphasis added).  In the case *sub judice*, Stellar was not seeking to enforce the pre-litigation Settlement Agreement until its First Amended Complaint was filed.  As such, the Court finds that Stellar, under the express terms of the Settlement Agreement, is not entitled to recover most of the attorneys' fees it incurred between February 3, 2006, and July 13, 2006, the date on which the First Amended Complaint was filed.  The Court, however, finds that Stellar, consistent with the Settlement Agreement, should be permitted to recover the .30 hours of attorneys' fees incurred on April 20, 2006 (reviewing the Settlement Agreement), and the 2.60 hours of attorneys' fees incurred on April 27, 2006 (research on enforcement of settlement agreement; drafting Motion to Amend Complaint and First Amended Complaint) as these fees are reasonably related to enforcing the Settlement Agreement.  <u>See</u> <u>e.g.</u> <u>Royer Homes of Miss., Inc. v. Chandeleur Homes, Inc.</u>, 857 So. 2d 748, 752 (Miss. 2003) (holding that unambiguous contracts must be enforced as written); <u>Mississippi Transp. Comm'n v. Ronald Adams Contractor, Inc.</u>, 753 So. 2d 1077, 1087  (Miss. 2000) ("When a contract is unambiguous, determining its meaning is a question of law for the

court to decide, and the contract must be enforced as written."). Accordingly, the Court finds that Stellar is entitled to recover attorneys' fees as follows:

| Year | Attorney Hours | Hourly Rate | Attorney Fees |
|------|----------------|-------------|---------------|
| 2006 | 55.10 | $250.00 | $13,775.00 |
| 2007 | 15.10 | $260.00 | $ 3,926.00 |
|      |       |         | $17,701.00 |

The Court additionally finds that as (1) Anika has not objected to the costs sought by Stellar and (2) as the costs are reasonable, Stellar is entitled to recover $628.97 in costs.

Anika also argues that in the event Stellar is awarded attorneys' fees, Pilgrim's should be required to pay fifty percent of the amount awarded, as Pilgrim's was also named a defendant in this case and did not tender any payment in settlement. The record shows, however, that Pilgrim's promptly signed and returned the Settlement Agreement to counsel for Anika on August 5, 2005, thereby exhibiting its readiness and willingness to be bound by that Agreement. See Mot. of Pl. The Stellar Group and Def. Pilgrim's Pride Corp. to Enforce Settlement Agreement [Docket No. 31], Ex 2(F). The record also shows that Stellar and Pilgrim's jointly sought to enforce the Settlement Agreement in this case. See Id. As there is no evidence that Pilgrim's refused to abide by the terms of the Settlement Agreement at any point, either pre-

litigation or during the pendency of this case, the Court finds that Pilgrim's is not required to pay any of the attorneys' fees incurred by Stellar in seeking to enforce the Settlement Agreement.

In sum, the Court finds that Stellar, in accordance with the express terms of the Settlement Agreement, is entitled to attorneys' fees in the amount of $17,701.00 and costs in the amount of $628.97.

## B.  Pre-judgment Interest

Under Mississippi law, prejudgment interest may be awarded to compensate an innocent party for the detention of overdue funds. See e.g. Sunburst Bank v. Keith, 648 So. 2d 1147, 1153 (Miss. 1995).  Thus, a trial judge may:

> [A]ward prejudgment interest to a prevailing party in a breach of contract suit.  An award of prejudgment interest rests in the discretion of the awarding judge. Under Mississippi law, prejudgment interest may be allowed in cases where the amount due is liquidated when the claim is originally made or where the denial of a claim is frivolous or in bad faith.

Hans Constr. Co., Inc. v. Drummond, 653 So. 2d 253, 264 (Miss. 1995) (quoting Warwick v. Matheney, 603 So. 2d 330, 342 (Miss. 1992)).

The Court finds that as the Settlement Agreement expressly required Anika to pay Stellar $171,655.00, and as Anika failed to consummate the Settlement Agreement, that Stellar is entitled to pre-judgment interest, at the rate of eight percent annum, in this

case.[5]   The Court additionally finds that pre-judgment interest should be awarded from July 13, 2006, the date on which the First Amended Complaint alleging breach of the Settlement Agreement was filed, to present.[6]


## C. Statutory Penalty

Stellar seeks a statutory penalty against Anika under Mississippi Code Annotated Section 87-7-3, which provides:

All sums due contractors under all construction contracts, except public construction contracts, shall be paid as follows:

(a) Partial, progress or interim payments: all partial, progress or interim payments or monies owed contractors shall be paid when due and payable under the terms of the contract.  If they are not paid within thirty (30) calendar days from the day they were due and payable, then they shall bear interest from the due date at the rate of one percent (1%) per month until fully paid.

---

[5]   See MISS. CODE ANN. § 75-17-1, which provides, in part:

The legal rate of interest on all notes, accounts and contracts shall be eight percent (8%) per annum, calculated according to the actuarial method, but contracts may be made, in writing, for payment of a finance charge as otherwise provided by this section or as otherwise authorized by law.

[6]   The record shows that the Settlement Agreement was reached by the parties on or about August 5, 2005.  Stellar, however, did not seek to enforce the Agreement for nearly one year after it was breached, and for nearly five months after it filed its lawsuit against Anika and Pilgrim's.  The Court finds that Stellar should not, as a matter of equity, be awarded pre-judgment interest during the time period it delayed in seeking to enforce the Settlement Agreement.

(b) Final payments: The final payment of all monies owed contractors shall be due and payable:

(i) At the completion of the project or after the work has been substantially completed in accordance with the terms and provisions of the contract;

(ii) When the owner beneficially uses or occupies the project except in the case where the project involves renovation or alteration to an existing facility in which the owner maintains beneficial use or occupancy during the course of the project; or

(iii) When the project is certified as having been completed by the architect or engineer authorized to make such certification, whichever event shall first occur.

If the contractor is not paid in full within thirty (30) calendar days from the first occurrence of one (1) of the above-mentioned events, then the final payment shall bear interest from the date of such first occurrence at the rate of one percent (1%) per month until fully paid.

In no event shall the final payment due the contractor be made until the consent of the contractor's surety has been obtained in writing and delivered to the proper contracting authority.

MISS. CODE ANN. § 87-7-3. Under the express language of Section 87-7-3, a statutory penalty may be levied on "sums due contractors under all construction contracts" in the event such contractors are not promptly paid. The record in the case *sub judice* shows that Stellar did not enter any construction contracts with Anika, but instead contracted with Pilgrim's. As Anika was not a party to any construction contract with Stellar, the Court finds that Stellar cannot recover statutory penalties against Anika in this case.

10

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion and Supplemental Motion of The Stellar Group for Attorneys' Fees and Pre-judgment Interest [Docket Nos. 57 and 59] are hereby granted in part, and denied in part.  Plaintiff, The Stellar Group, is hereby awarded $18,329.97 in attorneys' fees and costs, and pre-judgment interest at the rate of eight percent annum on the $171,655.00 principal due under the Settlement Agreement from July 13, 2006, to present against Defendant Anika and Associates, Inc.  A statutory penalty will not be levied against Defendant Anika and Associates, Inc.

IT IS FURTHER ORDERED that the parties are hereby ordered to fully consummate and execute all documents relative to the settlement of this matter within ten (10) days of the date of this Order.

IT IS FURTHER ORDERED that a Final Judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure shall be entered this day.

SO ORDERED this the 13th day of November, 2007.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

11